## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ──────────────────────── | ) | |
| IN RE YASMIN AND YAZ (DROSPIRENONE) | ) | 3:09-md-02100-DRH-PMF |
| MARKETING, SALES PRACTICES AND | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No. 2100 |
| ──────────────────────── | ) | |

**This Document Relates to:**

──────────────────────────

**MARQUISA JANKINS,**

     **Plaintiff,**                    **Case No. 3:10-cv-20095-DRH-PMF**

**v.**

**BAYER CORPORATION, et al.**

     **Defendants**

───────────────────────────────────────────────

### ORDER

### I.    Introduction and Background

Before the Court is Plaintiff's motion to reconsider (doc. 54) this Court's ruling denying remand.  (Doc. 52).  On May 14, 2010, the Court denied Plaintiff's motion to remand to California state court, finding that Plaintiff failed to adequately state a cause of action against non-diverse Defendant McKesson and that accordingly, McKesson had been fraudulently joined.  (Doc. 52).  Plaintiff contends that the Court's order denying remand was wrongly decided in that "manifest errors of law and fact exist, and that the factual analysis and legal authority relied upon by the Court necessarily requires consideration of newly

discovered evidence." (Doc. 54 p. 1). Plaintiff contends that she is entitled to

reconsideration pursuant to Rule 60(b), 59(e), and/or 54(b). For the reasons

stated below, the Court **denies** Plaintiff's motion to reconsider.

## II.    Analysis

A.    <u>Legal Standard on Motions to Reconsider</u>

Generally, "motions for reconsideration serve a limited function; to

correct manifest errors of law or fact or to present newly discovered evidence.

*Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir.1996).

Such motions cannot in any case be employed as a vehicle to introduce new

evidence that could have been adduced during pendency of [the motion under

reconsideration]." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251

(7th Cir.1987) (*quoting Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-

66 (N.D.Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1984)). Here, Plaintiff seeks relief

under Federal Rules of Civil Procedure 59(e), 60(b), and/or 54(b).

A Rule 59(e) motion serves a narrow purpose and "must clearly

establish either a manifest error of law or fact or must present newly discovered

evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th

Cir.1995)(*citing FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). *See also*

*Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). "A manifest error is not

demonstrated by the disappointment of the losing party. It is the wholesale

disregard, misapplication, or failure to recognize controlling precedent." *Oto v.*

*Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation

omitted).  It is at a district court's discretion as to whether reconsideration is

warranted under Rule 59(e). See *Id; Pickett v. Prince*, 207 F.3d 402, 407 (7th

Cir.2000).  The rule does not serve as a vehicle to re-litigate old matters or to

advance new legal theories.  *Moro*, 91 F.3d at 876.

Rule 60(b) authorizes a district court to relieve a party from final

judgment or order for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged ...; or (6) any
> other reason justifying relief from the operation of the judgment.

Rule 60(b) is a more restrictive regimen than Rule 59(e). *Cash v. Illinois Div. of*

*Mental Health*, 209 F.3d 695, 697 (7th Cir.2000).  Rule 60(b) is "an

extraordinary remedy.  The rule was designed to address mistakes attributable to

special circumstances and not merely to erroneous applications of law." *Russell*

*v. Delco Remy Div. of General Motors Corp*.  51 F.3d 746, 749 (7th Cir. 1995)

(citations omitted).

Finally, to the extent the Court's order denying remand is not a final

order, Plaintiff requests relief pursuant to Rule 54(b).  Rule 54(b) provides, in

pertinent part:

> any order or other decision, however designated, that adjudicates
> fewer than all the claims or the rights and liabilities of fewer than all
> the parties does not end the action as to any of the claims or parties
> and may be revised at any time before the entry of a judgment
> adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

As is discussed more fully below, the Court finds that Plaintiff has failed to present sufficient grounds for reconsideration under either Rule 59(e) or 60(b).  Further, the Court remains convinced that the jurisdictional requirements for removal are present and that Plaintiff's Complaint fails to state a cause of action against McKesson.  Accordingly, to the extent the Court's order is not a final order, the Court declines to exercise its inherent authority to revise the order under Rule 54(b).[1]

B.     Grounds for Reconsideration

    1.     Application of Federal Pleading Standards was Erroneous but does not Amount to a Manifest Error of Law

In the instant case, the Court properly applied California substantive law in its fraudulent joinder analysis.  However, in evaluating the sufficiency of Plaintiff's complaint, under California law, the Court applied federal notice pleading standards.  (Doc.  52) (noting that once a case is removed to federal court, federal notice pleading standards apply).

Upon further consideration, the Court concludes that it was error to apply federal notice pleading standards in its fraudulent joinder analysis. Fraudulent joinder occurs either when the Plaintiff cannot state a cause of action against the non-diverse defendant or there has been outright fraud in the plaintiff's pleading of jurisdictional facts.  *Gottlieb v. Westin Hotel* Co., 990 F.2d

---

[1] Because the Court is denying Plaintiff's motion for reconsideration, the Court will not address whether an order denying remand is a final order and the Court will not address which of these rules is the most appropriate grounds for obtaining reconsideration of an order denying remand.

323, 327 (7th Cir. 1993).  Although, federal procedural rules typically apply to cases removed from state court to federal court, when assessing whether a non-diverse defendant has been fraudulently joined a court must determine whether there is "any reasonable possibility that a *state* court would rule against the non-diverse defendant[.]"  *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992) (emphasis added).  The Court concludes that applying this standard requires consideration not only of the relevant state's substantive law, but also of that state's pleading standards.

This error, however, was immaterial and does not amount to a manifest error of law.  The federal notice pleading standard applied by the Court is less stringent than California pleading standards.  California pleading standards require that a complaint in a civil action contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language."  Cal. C.C.P. § 425.10(a).  As the California Court of Appeal has explained:

> The federal standard under rule 8(a)(2) is less stringent than the California standard under Code of Civil Procedure 425.10, subdivision (a). (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 333, pp. 383-385.) Thus a statement of claim which would not pass muster under Federal Rule of Civil Procedure 8(a)(2) (28 U.S.C.) would, a fortiori, not pass muster under Code of Civil Procedure section 425.10, subdivision (a).

*Graphic Arts Internat. Union v. Oakland Nat. Engraving Co.,* 185 Cal.App.3d 775, 783 (Cal.App.1.Dist.1986).  Accordingly, a complaint that fails to state a claim under federal pleading rules, necessarily does not state a claim under California's more stringent pleading rules.

2.    <u>Application of California Pleading Standards Would Not Have</u>
<u>Changed the Court's Conclusion</u>

California pleading standards provide that a complaint must "allege

every fact that [the plaintiff] must prove."  Hughes, 192 Cal. App. 3d at 956.

Under California law, "[e]ntities 'outside the original chain of distribution' of the

allegedly defective product are not to be held strictly liable for defects because

imposing liability on them would serve none of the policies that justify the

doctrine."  *Taylor v. Elliott Turbomachinery Co., Inc.*  171 Cal.App.4th 564, 577,

90 Cal.Rptr.3d 414, 423 (Cal. App. 1 Dist., 2009).  Accordingly, to sufficiently

allege a claim against McKesson, Plaintiff must allege that McKesson was an entity

within the chain of distribution – put another way, Plaintiff must allege that

McKesson supplied the subject matter drugs to the Plaintiff.

Plaintiff's Complaint fails to do this.  The Complaint merely alleges

that McKesson was *a* distributor of the subject matter drugs:

> "[McKesson] was engaged in the business of researching, designing,
> developing, licensing, compounding, testing, producing,
> manufacturing, assembling, processing, packaging, inspecting,
> labeling, selling and/or warranting [Yas/Yasmin] in the State of
> California."

(Doc. 1 ¶ 23).  Alleging that McKesson was *a* distributor of the subject matter

drugs is not the equivalent of alleging that McKesson was *the* distributor that

supplied the drugs that allegedly caused Plaintiff's injuries.   Absent such an

allegation, there can be no causal connection between McKesson and Plaintiff's

6

alleged injuries and the Court must conclude that Plaintiff has not sufficiently pled a claim against McKesson.

Plaintiff's boilerplate allegations as to "Defendants" are also insufficient.  Throughout the Complaint, Plaintiff alleges (of all the Defendants):

> The Defendants were in the business of researching, designing, developing, licensing, compounding, testing, producing, manufacturing, assembling, processing, packaging, inspecting, labeling, warranting, marketing, promoting, advertising, distributing, selling, and/or introducing into interstate commerce either directly or indirectly through third parties or related entities, the [subject matter drugs].

(Doc. 1).  It is clear that the only part of this generic allegation that could possibly relate to McKesson is the assertion as to the "distributing, selling, and/or introducing into interstate commerce" of the subject matter drugs.  Had Plaintiff separately pled McKesson's actions and specifically pled that McKesson distributed the drugs to Plaintiff the Court would have reached a different result.

Plaintiff attempts to cure the defects in her Complaint, by arguing that McKesson is the only known distributor of the subject matter drugs (Doc. 54 p. 10 n.3).  In support of her argument, Plaintiff cites the declaration of her attorney stating that McKesson is the "only known" distributor of the subject matter drugs in California.  *See* (Doc. 54-1).  First, this declaration does little more than establish that McKesson is the only distributor of the subject matter drugs known to Plaintiff's attorney.  Second, and more importantly, Plaintiff's complaint fails to allege that McKesson distributed the subject matter drugs ingested by the Plaintiff.  As discussed above, absent a specific allegation that

7

McKesson distributed the subject matter drugs ingested by Plaintiff, the Complaint fails to state a cause of action against McKesson.

Plaintiff's contention that Defendants have admitted that McKesson is "the California distributor of Yaz/Yasmin" is also unconvincing. (Doc. 54 pp. 2-3). Defendants have not admitted that McKesson is the only entity that distributes the subject matter drugs in California.  Rather, Defendants have acknowledged that that McKesson is one of several entities that have contracts with the Bayer Defendants to supply the subject matter drugs to pharmacies throughout California.  (Doc. 60-1, Doc. 60 p. 8).  The fact that McKesson is one of numerous entities distributing the subject matter drugs to pharmacies in California does not cure Plaintiff's failure to allege that McKesson supplied the drugs that allegedly injured Plaintiff.

Because the Plaintiff has not pled that McKesson supplied the subject matter drugs to the Plaintiff, the Court must assume she cannot do so and must infer that McKesson was fraudulently joined.  Why not, for example, select one of the other distributors to sue?

3.    <u>California District Court Decisions</u>

A significant portion of Plaintiff's motion to reconsider is devoted to summarizing decisions from California district courts that have remanded similar cases involving McKesson and the subject matter drugs.  (Doc. 54, p. 2-3, 11-17). Plaintiff contends that these decisions are "newly discovered evidence" (doc. 54 p.

3) and that the "Court's failure to analyze, distinguish or even address the California district court remand orders was [a] manifest error of law." (Doc. 54 p. 17). First, these decisions are not newly discovered evidence. As the Bayer Defendants point out, a majority of the California decisions cited in the reconsideration motion were also cited in Plaintiff's remand motion. (Doc. 45 pp. 1-2, 5, 9-10, 14; Doc. 45-2 through 45-11; Doc. 50-1). The remaining decisions do not provide any newly discovered evidence and are simply an attempt to recast arguments already presented to and considered by the Court. Second, the fact that this Court did not reach the same conclusion as other district courts does not amount to a manifest error of law, any more than another district court's disagreement with this Court would amount to the same thing. District judges disagree and until the Courts of Appeal rule, it remains a disagreement and nothing more. This Court is not bound to follow the rulings of another district court judge.

    4.    <u>Supplemental Authority From This MDL</u>

        Plaintiff also references a recent remand order from this MDL involving McKesson. (Doc. 58 p. 2). Plaintiff asserts that this remand order involved a complaint that did not specifically allege that McKesson supplied the subject matter drugs. *Id.* The order referenced by Plaintiff, is a member action where the parties consented to a remand and the case was not decided in conflict. (3:10-cv-20241 Doc. 32 & 33). Therefore, it has no relevance to this action.

5.    <u>Amount in Controversy</u>

Plaintiff contends that there is no evidence to support the Court's conclusion that the amount-in-controversy requirement is satisfied.  (Doc. 54 p. 17-18).  Plaintiff's Complaint asserts that Plaintiff suffered "serious and permanent injuries," including a myocardial infarction and other "life-threatening clot related injuries which have caused permanent effects."  (Doc. 1 ¶¶30, 31, 36). Plaintiff further alleges that her permanent physical injuries have "caused, and will continue in the future to cause, pain and suffering, disabilities and emotional distress," which substantially reduces her ability to enjoy life.  *Id.* at 96.  The Complaint also asserts that Plaintiff has "incurred medical expenses and other economic harm including loss of earnings, and [asserts that she] will continue to incur expenses and loss of earnings in the future."  *Id.* at 37.  Plaintiff  is also seeking punitive damages.  *Id.* ¶ 6, p. 29.  Considering Plaintiff's alleged serious and continuing injuries and possible punitive damages, the jurisdictional minimum has been met.  *See e.g., Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004); McCoy by Webb v. Gen. Motors Corp., 226 F.Supp.2d 939, 941 (N.D. Ill. 2002).

**III.    <u>Conclusion</u>**

Plaintiff has failed to identify a manifest error or to provide any other ground that would require reconsideration of the Court's order.  Accordingly and

for the reasons stated herein, the Court **DENIES** Plaintiff's motion to reconsider

(Doc. 54).

**IT IS SO ORDERED.**


/s/      David R Herndon

Chief Judge
United States District Court                    DATE: June 15, 2010